```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| LAWRENCE W. WILLIS | : |
| v. | : Civil Action No. DKC 12-1991 |
| STANLEY BLACK & DECKER, INC. | : |

**MEMORANDUM OPINION**

Presently pending and ready for review in this wage payment and breach of contract case is the motion for reconsideration filed by Plaintiff Lawrence W. Willis. (ECF No. 18). The relevant issues have been briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

**I.   Background**

On or about May 8, 2012, Mr. Willis filed suit in the Circuit Court for Prince George's County, Maryland, against his former employer, Stanley Black & Decker, Inc. (ECF No. 2). In his complaint, Mr. Willis alleged that Stanley Black & Decker improperly refused to pay him a $50,000 bonus he earned by participating in the company's 2011 Management Incentive Compensation Plan ("MICP") before he voluntarily resigned in January 2012. On July 3, 2012, Stanley Black & Decker removed the case to this court. (ECF No. 1). In response to

Defendant's motion to dismiss or for summary judgment (ECF No. 9), Plaintiff filed an amended complaint that asserted three counts:  (1) violation of the Maryland Wage Payment and Collection Act, Md. Code. Ann., Lab. & Empl. §§ 3-501 *et seq.*; (2) breach of contract; and (3) violation of the Connecticut wage payment law, Conn. Gen. Stat. §§ 558 *et seq*. (ECF No. 10).

On August 8, 2012, Defendant filed a second motion to dismiss or, in the alternative, for summary judgment. (ECF NO. 13). By memorandum opinion and order issued November 30, 2012, the court granted Defendant's motion, which it construed as one for summary judgment because both parties relied on matters outside of the complaint. (ECF Nos. 16 & 17). The court declined to resolve the parties' choice of law dispute, concluding that Mr. Willis's claims fail under either Maryland or Connecticut law. With respect to his statutory wage payment claims, the court held that Plaintiff's purported 2011 MICP bonus did not constitute "wages" as defined by either state's statute given that, under the MICP Plan Document and the 2011 MICP Criteria, Stanley Black & Decker always retained discretion as to whether to award the bonus. (ECF No. 16, at 7-13). With respect to Plaintiff's breach of contract claim, the court held that the MICP documents relied on by Mr. Willis as the source of Stanley Black & Decker's purported contractual obligation to pay

him an MICP bonus for 2011 could not be construed as a definite offer under either Maryland or Connecticut law.  (*Id.* at 13-16).

On December 28, 2012, Plaintiff filed the pending motion for reconsideration.  (ECF No. 20).  Defendant filed an opposition (ECF No. 21), and Mr. Willis did not reply.

## II.  Standard of Review

A motion for reconsideration filed within twenty-eight days of the underlying order is governed by Federal Rule of Civil Procedure 59(e).  Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e):  (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice & Procedure § 2810.1, at 127–28 (2$^{d}$ ed. 1995)).  Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a 'legitimate justification for

not presenting' the evidence during the earlier proceeding." *Id*. (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

**III. Analysis**

Mr. Willis's motion does not specifically address any of the grounds for reconsideration available under Rule 59(e). In other words, Mr. Willis fails to identify any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would cause the court to alter its prior opinion. Rather, Mr. Willis's motion consists entirely of arguments that he either did raise, or could have raised, in his original opposition to Defendant's motion for summary judgment. Without more, such arguments are not a valid basis for reconsidering the court's prior entry of judgment.

In any event, Mr. Willis's arguments are unavailing on the merits. With respect to his claim under the Connecticut wage payment statute,[1] Mr. Willis principally contests the court's factual finding that Stanley Black & Decker always had

---

[1] In his motion for reconsideration, Mr. Willis addresses only Connecticut law. (*See* ECF No. 18). In light of this apparent concession that Connecticut law applies to his claims, the court will not reconsider Plaintiff's claims under Maryland law.

4

discretion regarding whether to award him an MICP bonus. (ECF No. 18, at 3-7). As explained in the court's prior opinion, the Connecticut wage payment statute allows for recovery of bonuses as "wages" only if: (1) the award of the bonus is non-discretionary; (2) the amount of the bonus is non-discretionary; and (3) the amount of the bonus is dependent on an employee's performance. *Datto Inc. v. Braband*, 856 F.Supp.2d 354, 271 (D.Conn. 2012) (synthesizing a trio of recent Connecticut Supreme Court decisions). Mr. Willis argues, as he did in his opposition, that the MICP Plan Document (ECF No. 21-1) limited Defendant's discretion to setting the MICP criteria applicable to a given performance year. Thus, according to Mr. Willis, once Defendant finalized the 2011 MICP Criteria (ECF No. 21-2) and once Plaintiff and the company achieved the Performance Goals set forth in that document, Stanley Black & Decker did not have discretion regarding either the award or the amount of his 2011 MICP bonus.

To support his argument, Mr. Willis now points to two provisions in the MICP Plan Document that he did not rely on previously. First, he asserts that the non-discretionary nature of MICP bonuses is established by the mandatory language used in Paragraph 5(a) of the MICP Plan Document:

> On or prior to the earlier of the 90th day after the commence of a Performance Period or the date on which 25% of a Performance

5

> Period has elapsed, the Committee shall specify in writing, by resolution of the Committee or other appropriate action, the Participants for such Performance Period and the Performance Goals applicable to each Award for each Participant with respect to such Performance Period. Unless otherwise provided by the Committee in connection with specified terminations of employment, payment in respect of Awards *shall be made* only if and to the extent the Performance Goals with respect to such Performance Period are attained.

(ECF No. 21-1, at 5 ¶ 5(a)) (emphasis added). Second, Mr. Willis contends that Stanley Black & Decker's ability to "amend, suspend, or terminate the Plan" at any time (ECF No. 21-2, at 5) does not change the non-discretionary nature of MICP bonuses because Paragraph 7(e) of the MICP Plan Document specifically states that "no amendment [to the Plan] . . . shall affect adversely any of the rights of any Participant under any Award following the end of the Performance Period to which such Award relates" (ECF No. 21-1, at 6 ¶ 7(e)).

When read in context, the provisions relied on by Mr. Willis do not change the court's prior conclusions about the discretion retained by Stanley Black & Decker with respect to MICP bonuses. In particular, Paragraph 7(e) states, in full, that:

> The Board or the Committee may at any time and from time to time alter, amend, suspend, or terminate the Plan in whole or in part . . . Notwithstanding the foregoing, no amendment . . . shall affect adversely any

6

>of the rights of any Participant under any Award following the end of the Performance Period to which such Award relates, *provided that* the exercise of the Committee's discretion pursuant to Section 5(b) to reduce the amount of an Award shall not be deemed an amendment of the Plan.

(ECF No. 21-1, at 6 ¶ 7(e)) (emphasis added).  Section 5(b), in turn, states that "[t]he Committee may, *in its sole discretion,* increase (subject to the maximum amount set forth in this Section 5(b)) *or decrease* the amounts otherwise payable to Participants upon the achievement of Performance Goals under an Awards."  (*Id.* at 5) (emphases added).  Notably, although Paragraph 5(b) places a ceiling on the amount of any increase made by the Committee, there is no corresponding floor on the amount of any decrease.  In other words, nothing in Paragraph 5(b) limits Stanley Black & Decker's discretion to decrease the amount of an MICP bonus to zero.  Thus, when read in full, the MICP Plan Document makes clear that Stanley Black & Decker always retained discretion as to both the award and the amount of Mr. Willis's 2011 MICP bonus, even after the 2011 Performance Goals had been achieved.  Such discretion precludes Mr. Willis from recovering under Connecticut's wage payment statute.  *See Ziotas v. Reardon Law Firm, P.C.*, 296 Conn. 579, 588-89 (2010)

7

(in order for a bonus to be classified as "wages," neither its award nor its amount can be discretionary).[2]

With respect to his breach of contract claim, Mr. Willis now asserts that (1) the MICP Plan Document demonstrates a meeting of the minds between him and Stanley Black & Decker that the company would pay him a bonus upon completion of yearly performance goals set by the company; and (2) any indefiniteness in the MICP Plan Document was eliminated when Stanley Black & Decker partially performed under the agreement by memorializing the 2011 MICP Criteria in writing.  (ECF No. 18, at 7-11). These arguments are without merit.  First, as detailed above, Stanley Black & Decker expressly retained discretion as to both the award and amount of MICP bonuses under the MICP Plan Document.  As explained in the court's prior opinion, this

---

[2] Even if his reading of the MICP documents is credited, Mr. Willis would still fail to satisfy the third requirement under Connecticut's wage payment statute, *i.e.*, that the bonus must be "linked solely to the ascertainable efforts of the particular employee." *Weems v. Citigroup, Inc.*, 289 Conn. 769, 781-82 (2008) ("Discretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute."); *see also Ziotas*, 296 Conn. at 589 ("[T]he relationship between performance and compensation [required by the Connecticut wage payment statute] is still attenuated if the amount of the bonus is discretionary and dependent on factors other than the employee's performance."). Here, the 2011 MICP Criteria makes clear that corporate performance accounts for 25% of award determinations and divisional performance accounts for 75% of award determinations, while individual employee performance functions only as a discretionary modifier. (*See* ECF No. 21-2, at 6).

discretion precludes the MICP Plan Document from constituting a definite offer under Connecticut law. *See Borden v. Skinner Chuck Co.*, 150 A.2d 607, 611 (Conn. Super. 1958) (holding that statements regarding an employee bonus plan cannot form the basis of an enforceable contract where its terms make the amount of bonuses dependent on the company's earnings and also give the employer discretion as to whether to award a bonus at all). Contrary to Mr. Willis's arguments, the 2011 MICP Criteria did nothing to alter this discretion, given that it (1) expressly incorporated the MICP Plan Document by reference and (2) stated that the MICP "does not affect the terms of any employment agreements that may exist between the Company and any Participant." (ECF No. 21-2, at 3-4). Accordingly, there is no basis for concluding that the 2011 MICP Criteria somehow created or "solidified" a contractual obligation by Defendant to pay Mr. Willis a $50,000 MICP bonus for 2011.[3]

In sum, Mr. Willis's arguments do not provide a valid basis under Rule 59(e) for reconsidering the entry of judgment against him.

---

[3] In light of this conclusion, Mr. Willis's arguments about the purported inconsistencies between the MICP Plan Document and the 2011 MICP Criteria – including with respect to provisions regarding voluntary termination of employment – need not be reached.

**IV. Conclusion**

For the foregoing reasons, the motion to reconsider filed by Plaintiff Lawrence W. Willis will be denied. A separate Order will follow.

                                                      /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge